# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCELLUS H. BAKER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-1162-JAR-DJW |
| | ) |
| PUBLISHERS CLEARING HOUSE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This action commenced on May 21, 2010, when plaintiff Marcellus H. Baker, Sr. filed his Complaint (Doc. 1), alleging civil rights violations under federal and state law. Baker proceeds *pro se* and has been granted leave to proceed *in forma pauperis* (Doc. 8). On June 7, 2010, Magistrate Judge Waxse issued a Notice and Order to Show Cause why this action should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff responded to the show cause order on July 16, 2010, attaching emails sent to him by defendants that form the basis for his charges of race discrimination.

Under 28 U.S.C. § 1915(e)(2):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's Complaint alleges the corporate defendants sent him racially discriminatory emails, violating his civil rights. Plaintiff's Complaint fails to state a claim on which relief may be

granted for violations of his civil rights because the defendants are not state actors.[1] Likewise, plaintiff fails to state a claim on which relief may be granted under the Kansas Act Against Discrimination because that law applies to discrimination in employment, free and public accommodations, and housing.[2] Plaintiff does not allege in his Complaint that he had an employment relationship with defendants, or that the Kansas Act Against Discrimination would otherwise apply to the emails sent to plaintiff by defendants.

Because defendants are not actors subject to liability under federal law and because plaintiff fails to allege a relationship with defendants that would give rise to a claim under the Kansas Act Against Discrimination, plaintiff's Complaint fails to state a claim upon which relief may be granted and the Court must dismiss this case.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Dated: July 27, 2010

                                                          S/ Julie A. Robinson
                                                         JULIE A. ROBINSON
                                                         UNITED STATES DISTRICT JUDGE

---

[1] 42 U.S.C. § 1983 subjects to liability persons who act under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

[2] *See* K.S.A. § 44-1001.